EDWARD J. LANDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Landy v. Commissioner
Docket No. 8142-76.
United States Tax Court
T.C. Memo 1979-354; 1979 Tax Ct. Memo LEXIS 171; 39 T.C.M. (CCH) 31; T.C.M. (RIA) 79354; September 5, 1979, Filed Edward J. Landy, pro se. Thomas P. Dougherty, Jr., for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $1,329.53 deficiency in petitioner's income tax for 1974. The sole issue is whether petitioner is entitled to a casualty loss deduction for the year in issue. Some of the facts have been stipulated and are found accordingly. At the time of filing his petition, petitioner Edward J. Landy was a resident *172 of Hartford, Connecticut. During 1968, when living in Massachusetts, petitioner's privileges to register and operate a motor vehicle were suspended by the Registry of Motor Vehicles of the Commonwealth of Massachusetts. A new license was issued to petitioner on January 29, 1973. On that same date, petitioner's right to register a motor vehicle was reinstated. Petitioner, however, was unaware of the reinstatement until 1977. On his 1974 return petitioner claimed a $12,000 casualty loss deduction for damages to his "life style" resulting from the revocation of his privileges to register and operate a motor vehicle. In his statutory notice, respondent disallowed the casualty loss deduction on the basis that petitioner did not suffer a deductible casualty within the meaning of section 165(c)(3). [1]
Section 165(c)(3) allows an individual a deduction for "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." Petitioner offered no explanation as to why his privileges to register *173 and operate a motor vehicle were revoked. Petitioner's only contention is that the revocation of these privileges violated his constitutional rights and caused damage to his life style including the loss of earning power. Section 165(c)(3) provides a deduction for losses of "property" only. . It is clear to us that damages or inconveniences to one's life style is not a loss of property. Furthermore, while the revocations may have resulted in a loss of petitioner's earning power, section 165(a) does not allow a deduction for anticipated income which a taxpayer fails to realize. , affg. a Memorandum Opinion of this Court, cert. denied . See . Finally, petitioner presented no evidence of a sequence of events normally associated with a "casualty", that is, events involving the application of a considerable destructive force to property where the resulting direct and proximate damage causes a loss similar to that arising from a fire, storm or shipwreck. *174 . Accordingly, we hold that petitioner is not entitled to the claimed casualty loss deduction. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩